

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable B. Jay Jackson
County Attorney
Somervell County
Glen Rose, Texas

Dear Sir:

Opinion No. 0-997
Re: Fund to which 25¢ county
poll tax should be paid.

We are in receipt of your letter of October 26, 1939, in which you submit the following questions to this department for an opinion:

"I would like to know what distribution to make of the twenty-five cent county poll. Does that portion of the poll tax go into the County Available Fund or does it go into the General Fund of the county? Since January 1, 1933, this portion of the poll tax has been paid into the General Fund of the County, and none of it has been paid to the County Available School. I wish to know if this is legal.

"In this County the Ex-Officio County Superintendents salary was paid from the County Available School Fund thus depriving some of the school districts of the County of any of the County Available Fund. This was done from 1931 to 1936, I would like to know if this was legal."

Article 7, Section 3, of the Texas Constitution provides that one dollar of the poll tax from every inhabitant of the State between the ages of 21 and 60 years shall be set apart annually for the benefit of the public free schools. This money becomes a part of the State Available School Fund. Article 2823, Revised Civil Statutes of 1925.

Article 7046, Revised Civil Statutes of 1925, provides as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"There shall be levied and collected from every person between the ages of 21 and 60 years, resident within this State on the first day of January of each year * * *, an annual poll tax of $1.50, one dollar for the benefit of the free schools, and fifty cents for general revenue purposes. Said tax shall be collected and accounted for by the tax collector each year and appropriated as herein required. No county shall levy more than twenty-five cent poll tax for county purposes. * * *"

The statutes and Constitution relating to the disposition and division of the poll tax make a well-defined distinction between that part of the tax which shall be used for free school purposes, and the portion to be used for general purposes. In authorizing the levy of the county poll tax of twenty-five cents, no provision is made that such tax should be apportioned or divided between the schools and the county, but on the other hand, the statute provides that such tax shall be for "county purposes". By designating that the county poll tax should be levied for county purposes, it was evidently intended that the money thus received should be used for general county purposes, and is properly credited to the general fund of the county. If it had been intended to apportion the twenty-five cent county poll tax between general county purposes and free school purposes, the Legislature, would no doubt have specifically so provided.

It is our opinion that the twenty-five cent poll tax authorized to be levied and collected for county purposes should be paid into the general fund of the county, and that no portion of it should be paid into the county available school fund.

We await your brief on your second question as requested in our letter of October 25, 1939.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Cecil C. Cammack
Assistant

CCC:LW

APPROVED DEC 1, 1939
(s) Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED
opinion committee
By BWB
chairman